957 So.2d 858 (2007)
STATE of Louisiana
v.
John DUNCAN.
Nos. 2006-KA-1029, 2007-K-0317.
Court of Appeal of Louisiana, Fourth Circuit.
May 9, 2007.
Rehearing Denied May 23, 2007.
*859 Eddie J. Jordan, Jr., District Attorney of Orleans Parish, Michael G. Morales, Assistant District Attorney of Orleans Parish, New Orleans, Louisiana, for Plaintiff/Appellant.
Sherry Watters, Louisiana Appellate Project, New Orleans, Louisiana, for Defendant/Appellee.
(Court composed of Judge JAMES F. McKAY III, Judge MAX N. TOBIAS JR., Judge ROLAND L. BELSOME).
JAMES F. McKAY III, Judge.
This matter by the order of this Court has been consolidated with State of Louisiana v. John Duncan, 2007-K0317. After a careful review of the record this Court finds that the trial court improvidently granted the defendant's motion for new trial as it had been divested jurisdiction when the defendant requested and was granted an appeal. La.C.Cr.Pro. art. 916. Furthermore, the State's Appeal is dismissed as the State failed to timely move for an appeal. The defendant's motion to quash indictment is denied, as the time limitations on the prosecution of the matter have not run. La.C.Cr. Pro. art. 578 et seq.
FACTS AND PROCEDURE
The State indicted Kelvin Atkins (Atkins), John Duncan (Duncan), Cedric Curtis (Curtis) and Gerone Walls (Walls) for second-degree murder for the shooting death of Daniel Breaux.
Atkins pled guilty to attempted armed robbery, in exchange for a five-year sentence and agreement to testify against Duncan, Curtis and Walls.
At Duncan's trial, Atkins testified that at the time of the shooting, he was wearing a white tee shirt and that Duncan, Curtis and Walls were dressed in black tee shirts. Atkins further testified that Duncan shot Daniel Breaux.
The jury convicted Duncan of second-degree murder, and on March 31, 2005, the trial judge sentenced him to sixteen years, two months, and one day at hard labor in the Department of Corrections.[1] On this *860 day, the defendant filed a motion for new trial that was denied.
On April 13, 2005, the defendant's motion for appeal was granted and a return date, June 13, 2005, was set.
On May 16, 2005, the State filed a Notice of Newly Discovered Information, documenting the existence of a previously undisclosed child witness to the shooting. Based upon this development, Duncan filed a Motion for New Trial, and following a hearing on the motion the trial judge ordered the District Attorney and Duncan's counsel to take a statement from the child. The child gave a statement on June 10, 2005. On August 19, 2005, trial judge, based on the evidence, granted Duncan a new trial. The State moved for an appeal from this ruling on February 17, 2006.
ASSIGNMENT OF ERROR NUMBER
The State maintains that the trial court erred in granting Duncan a new trial.
The defendant argues that the State was untimely in prosecuting the matter pursuant to La.C.Cr. Pro. art. 582 and argues as such that the defendant's grand jury indictment should be quashed.
The record in this case shows that the Motion for New Trial was granted August 19, 2005. At that time, the trial court set the case for status hearing on September 19, 2005. In its Motion for Out of Time Appeal, the State maintains that the status hearing was set for the State to advise whether it would seek an appeal. However, the transcript of the hearing on the motion for new trial indicates that the trial judge set a status hearing for the State to announce its intention to seek review by writ.
The State faces a timeliness problem in this matter. See La.C.Cr.P. art. 914; State v. Gray, 98-2902 (La.5/7/99), 740 So.2d 1291. The State failed to move for appeal or indicate its intention to seek supervisory review at the time the trial judge granted the Motion for New Trial. Although Governor Blanco issued executive orders suspending "all deadlines applicable to legal proceedings, including prescription and peremption, in all Louisiana state courts, administrative agencies and boards", the period of suspension ended in December 2005. The State did not file a motion for appeal, or any other request for review until February 17, 2006[2]. La. C.Cr.P. art. 914 mandates that a motion for appeal must be made no later than thirty days after the rendition of the judgment or ruling from which the appeal is taken. Therefore, we find that the State's motion for appeal is untimely.
MOTION TO QUASH INDICTMENT IN 2007-K-0317
For the purpose of judicial economy we have ordered that this writ be consolidated with the defendant's appeal in the above captioned matter.
On November 2, 2006, the defendant filed a motion to quash indictment due to prescription. On February 2, 2007, the trial court denied the defendant's motion to quash, noting that the merits and timeliness of the State's appeal of the trial court's granting of the defendant's motion for new trial was still pending before this Court.
In the writ before this Court, the defendant seeks to quash the indictment on the basis that the time limitation for the *861 commencement of trial in this matter has expired. La.C.Cr.P. art. 532(7).
The trial court granted the defendant a new trial on August 19, 2005. La.C.Cr.P. art. 582 provides:
Time limitations; effect of new trial
When a defendant obtains a new trial or there is a mistrial, the state must commence the second trial within one year from the date the new trial is granted, or the mistrial is ordered, or within the period established by Article 578, whichever is longer.
According to the certificate on defense counsel's motion to dismiss appeal and motion to quash indictment, counsel mailed a copy of the motions to the State on November 1, 2006.
In this matter, it is clear from the record that the trial court granted the defendant's original motion for appeal of his conviction and sentence on April 13, 2005, with a return date of June 13, 2005. No action was taken by either the defense or the State to relieve this Court of its jurisdiction. Therefore, the trial court was still divested of jurisdiction over the matter at the time it granted the new trial. See. La.C.Cr.P. art. 916. Therefore, we dismiss the State's appeal and remand the matter to the trial court for further proceedings including a hearing on the motion for new trial. Furthermore, we deny the defendant's motion to quash as the trial court improvidently granted the motion for new trial.
APPEAL DISMISSED; WRIT DENIED AND THE MATTER REMANDED.
NOTES
[1] Duncan was only fourteen years old at the time of the murder. The sentence he received was the maximum that could be imposed imprisonment until his thirty-first birthday.
[2] The earliest post-Katrina minute entry in this case is February 2, 2006. Criminal District Court resumed operations in January 2006.